IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 3:11-cr-00424-SI |
| Plaintiff, | |
| v. | **OPINION AND ORDER ON MOTION FOR JUDGMENT OF ACQUITTAL OR, IN THE ALTERNATIVE, FOR A NEW TRIAL** |
| TIMOTHY CHRISTOPHER GAINES, | |
| Defendant. | |

**SIMON, District Judge.**

On August 23, 2012, following a three-day jury trial, the jury returned a verdict finding Timothy Christopher Gaines ("Defendant") guilty of being a felon in possession of a firearm in violation of 18 U.S.C § 922(g)(1). Defendant has moved under Federal Rule of Criminal Procedure 29(c) for a judgment of acquittal or, in the alternative, under Federal Rule of Criminal Procedure 33 for a new trial [Dkt. 82]. For the reasons that follow, the Court denies Defendant's motion.

**I.      Motion for Judgment of Acquittal**

Defendant argues that the evidence at trial was insufficient to sustain his conviction of being a felon in possession of a firearm. The Court must sustain the verdict if "any rational trier of fact could have found all the essential elements of the crime beyond a reasonable doubt."

*United States v. Soto*, 779 F.2d 558, 560 (9th Cir. 1986). In evaluating the sufficiency of the

evidence, this Court considers the evidence and any reasonable inferences that may be drawn

from it in the light most favorable to the government. *Id.* The only element of the crime at issue

in the trial was whether Defendant knowingly possessed the firearm at issue.

Defendant argues that the Government's key witness, Officer Stradley, testified

inconsistently, changing his testimony on several issues between the Government's case-in-chief

and the Government's rebuttal case. In light of these purported inconsistencies, combined with

other eye witness testimony and the location where the gun was found, Defendant argues that no

rational trier of fact could have found beyond a reasonable doubt that Defendant knowingly

possessed a gun.

Assuming without deciding that Officer Stradley did testify inconsistently, the

inconsistencies alleged by Defendant were not so significant as to prevent any rational trier of

fact from accepting the majority of Officer Stradley's testimony. In addition, the Government

adduced other evidence, particularly the testimony of Officer Liday, from which the jury could

reasonably infer that Defendant was in possession of a firearm when he was first approached by

the police. Viewing the evidence, including all reasonable inferences, in the light most favorable

to the Government, a rational trier of fact could have found Defendant guilty of the crime

charged beyond a reasonable doubt. Defendant's motion under Rule 29(c) is denied.

## II.     Motion for a New Trial

The court may vacate the verdict and grant a new trial "if the interest of justice so

requires." Fed. R. Crim. P. 33(a). The court's power to grant a motion for new trial is much

broader than its power to grant a motion for judgment of acquittal. *United States v. Kellington*,

217 F.3d 1084, 1097 (9th Cir. 2000). Nonetheless, Defendant's three arguments in support of his Rule 33(a) motion do not singularly or cumulatively warrant the granting of a new trial.

### A.  Government's Statements in Rebuttal Closing Argument

Defendant first argues that the Government, in its rebuttal closing argument, made a mathematical error in calculating how long it would have taken Defendant to run a certain distance, thereby misleading the jury regarding the reliability of the testimony of Defendant's primary witness. The Government acknowledges it made a misstatement but argues the misstatement was not material and did not undermine the Government's argument in closing. The Court concludes that the Government's error does not necessitate a new trial.

A new trial is warranted only when a prosecutor's statements "so infected the trial with unfairness as to make the resulting conviction a denial of due process." *United States v. Atcheson*, 94 F.3d 1237, 1244 (9th Cir. 1996) (quoting *Darden v. Wainwright*, 477 U.S. 168, 181 (1986)) (internal quotation marks omitted). There is no indication that the Government in this case made any purposeful misrepresentation in its argument. The Government's error in equating 40 yards with approximately 235 feet was simple arithmetic that the jury was capable of reconstructing and correcting on its own. The simplicity of the calculation involved distinguishes this case from the two cases cited by Defendant. *See Commonwealth v. Ferreira*, 460 Mass. 781 (2011) (remanding for new trial where prosecutor used misleading statistical analysis in closing arguments); *United States v. Massey*, 594 F.2d 676 (8th Cir. 1979) (remanding for new trial where prosecutor's use of probability analysis in closing argument risked misleading jurors). In addition, the Court instructed the jury that the argument of counsel was not evidence. *See United States v. Del Toro-Barboza*, 673 F.3d 1136, 1153 (9th Cir. 2012).

OPINION AND ORDER – Page 3

Furthermore, contrary to Defendant's assertion, the Government did not "rest[] its entire case on discrediting the neutral eyewitness, Mr. Adrian, by its use of mathematical timing." Def.'s Mem. Supp. Mot. J. Acquittal at 8. The Government rested its case on the other eyewitness testimony of Officers Stradley and Liday, as well as the evidence presented by the two police officers who found the firearm. In addition, the Government adduced other evidence that questioned the reliability of Mr. Adrian's testimony; for example, in closing argument, the Government also noted that Mr. Adrian recalled Defendant wearing pants the night he was arrested, but photographs taken that night showed that Defendant was wearing long shorts.

For these several reasons, the interests of justice do not require a new trial.

## B. Failure To Give "Mere Presence" Instruction

Defendant requested that the Court instruct the jury that mere presence at a place where the firearm was found is insufficient to show possession of the firearm. The Government objected, and the Court declined to give the requested instruction. Defendant argues that the failure to do so warrants a new trial.

Defendant argues that the number of persons in the park the evening he was arrested, many of whom also fled from the police, raises the possibility that someone other than Defendant placed the firearm in the gutter where it was later found. Defendant thus argues that the jury could have concluded that one of Defendant's associates may have placed the firearm in the gutter, but convicted Defendant simply because the jury believed Defendant knew an associate had put the firearm there.

The Court does not agree. The Court instructed the jury on the meaning of "possession," an element of the crime charged, which requires not only knowledge of the firearm's presence,

but also either "physical control of it" or "the power and intention to control it." [Dkt.76]. This

instruction adequately covers Defendant's theory that he may have known about the firearm but

did not himself put it in the gutter. *See Del Toro-Barboza*, 673 F.3d at 1147 ("[A] court may

reject a defendant's requested instruction if other instructions reasonably cover the theory of the

defense."). In addition, a "mere presence" instruction is not necessary "[i]f the government's

case is based on more than just a defendant's presence, and the jury is properly instructed on all

elements of the crime." *United States v. Negrete-Gonzales*, 966 F.2d 1277, 1282 (9th Cir. 1992);

*see also United States v. Medrano*, 5 F.3d 1214, 1218 (9th Cir. 1993). Officer Stradley and

Officer Liday both testified that they saw Defendant holding a bulky object in his waistband,

from which a rational trier of fact could have inferred that Defendant physically possessed the

firearm when he first ran from the police. Because there was evidence that Defendant held and

possessed the firearm and because the jury was instructed on all elements of the crime, a "mere

presence" instruction was not required.

### C.  *Discovery of Recorded Statements Made by Defendant*

Federal Rule of Criminal Procedure 16(a)(1)(B) provides that, "[o]n the defendant's

request, the government must disclose to the defendant, and make available for inspection,

copying, or photographing … (i) any relevant written or recorded statement by the defendant if:

the statement is within the government's possession, custody, or control; and the attorney for the

government knows – or through due diligence could know – that the statement exists[.]"

Defendant argues that the Government should have disclosed before trial a recording of a jail call

thatDefendant made to his mother on July 26, 2012. The Government at first sought to introduce

the telephone call during trial to impeach Defendant's mother, but ultimately withdrew this

request; the telephone call was therefore never received in evidence. The Government did not

provide a copy of the telephone call to Defendant until after his mother had testified.

The parties agree that the telephone call is a recorded statement by the Defendant and

was within the Government's possession, custody, or control; that the prosecutor was aware that

recordings of Defendant's jailhouse calls existed; and that Defendant properly requested all

Rule 16 materials before trial. The Government, however, argues that *Defendant's* statements in

the recording were not "relevant." There is little case law on what "relevant" means in the

context of Rule 16(a)(1)(B). The Ninth Circuit has urged the Government to take "a broad view

of what is relevant for purposes of that provision," disclosing "any statement made by the

defendant that may be relevant to any possible defense or contention that the defendant might

assert." *United States v. Bailleaux*, 685 F.2d 1105, 1114 (9th Cir. 1982). "Where the Government

is in doubt, the written or recorded statement should be disclosed[.]" *Id.*

Defendant argues that his statements in the telephone call were relevant because they

disclosed information about the defense strategy for his upcoming trial. During the telephone

call, Defendant discussed his defense team's evaluation of the case, named some of the witnesses

who would be called, and described the lack of evidence held by the Government. In addition,

Defendant stated that his defense team had obtained a "whole packet" on Officer Stradley, which

they presumably would be using at trial to discredit him for what Defendant called his "bad

background of pinning guns on people." Citing *Bailleaux*, Defendant argues that disclosure of

this telephone call would have notified his defense team that the Government was aware of his

defense strategy. *See id.* ("Since the defendant was a party to the statement, he is aware of its

contents. The principal fact that is revealed to the defendant by the disclosure of the statement is that the Government is also.").

Assuming without deciding that a defendant's statements about trial strategy are "relevant" under Rule 16(a)(1)(B), and assuming without deciding that these statements did disclose trial stragey, the Court holds that Defendant has not identified any prejudice resulting from the discovery violation. *See United States v. Figueroa-Lopez*, 125 F.3d 1241, 1247 (9th Cir. 1997) ("[A] violation of Rule 16 does not itself require reversal, or even exclusion of the affected testimony. … [The defendant] must demonstrate prejudice to substantial rights to justify reversal for violations of discovery rules."). In the context of a Rule 16 violation, the Ninth Circuit has explained that "reversal of a conviction is warranted upon a showing of nonconstitutional error only if it is more probable than not that the error materially affected the verdict." *Bailleaux*, 685 F.2d at 115. Defendant asserts that knowledge of the call "may have altered the defense presented, the witnesses called, or the subject and extent of direct and cross-examination of defense and government witnesses." Def.'s Mem. Supp. Mot. J. Acquittal at 16. This amounts to a general assertion of prejudice; it does not demonstrate that the withholding of this recorded telephone call – which was never played for the jury or otherwise received in evidence – materially affected the verdict. *See United States v. Roberts*, 783 F.2d 767, 770 (9th Cir. 1985) (declining to decide whether nondisclosure of a document violated Rule 16 because any such violation did not materially affect the verdict, given that it was not clear how the defendant's knowledge of the document "would have changed his defense strategy or … his decision to take the stand," and that "the exhibit was withdrawn by the government and never seen by the jury"). Indeed, in the only case cited by Defendant involving non-disclosure of a defendant's statements

regarding his trial strategy, the Ninth Circuit held that the district court's suppression of the tapes adequately addressed any Rule 16 violation and that a new trial was therefore not warranted. *See United States v. Danielson*, 325 F.3d 1054, 1075 (9th Cir. 2003). The Court takes the same approach here: given that the telephone call was never played for the jury and that Defendant cannot identify how knowledge of the telephone call would have changed the defense strategy, the Court denies Defendant's motion for new trial on this basis.

Defendant alternatively requests that the Court order the Government to "produce all recorded statements made by the defendant that are or at any point were in the government's possession, custody or control prior to trial to assure [*sic*] whether other discovery violations support his motion for a new trial." Def.'s Mem. Supp. Mot. J. Aquittal at 19. At oral argument, the Government represented that Officer Stradley had obtained additional recordings of telephone calls made by Defendant that the prosecutor had not listened to and that have not been disclosed to Defendant. The Government also represented that it had complied with all of its discovery obligations, particularly its *Brady* obligations. The Court accepts the Government's representations, and it further notes that the parties agree that Defendant may request recordings of his jail calls directly from the Multnomah County Detention Center ("MCDC"). Nonetheless, the Court grants Defendant's request in part and directs the Government to provide Defendant with any telephone recordings currently in its possession[1] that it is aware contain statements by Defendant discussing his upcoming trial. The Court is not ordering the Government to listen or re-listen to these recordings or to obtain any additional recordings from the MCDC.

---

[1] This includes recordings in the possession of Officer Stradley.

OPINION AND ORDER – Page 8

Finally, Defendant argues that the three alleged errors (the Government's statements in closing argument, the Court's refusal to give a "mere presence" instruction, and the nondisclosure of Defendant's recorded statements) cumulatively resulted in an unfair trial. The Court does not agree, and therefore denies Defendant's Rule 33(a) motion.

## CONCLUSION

For the foregoing reasons, the Court DENIES Defendant's Motion for Judgment of Acquittal or, in the Alternative, for a New Trial [Dkt. 82]. It GRANTS Defendant's alternative request for additional discovery, and ORDERS the Government to disclose to Defendant any recordings of jailhouse calls in its possession that the Government is aware contain statements by Defendant discussing his then-upcoming trial.

Dated this 28th day of September, 2012.


/s/ Michael H. Simon
Michael H. Simon
United States District Judge